IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VIPER LIFT TRUCKS LLC,<br><br>Plaintiff,<br><br>v.<br><br>VIPER LOADERS LLC, VIPER MOWERS LLC, and VIPER MANUFACTURING LLC.,<br><br>Defendants. | Case No. 26-cv-13474<br><br>Magistrate Judge:<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff VIPER LIFT TRUCKS LLC ("Viper Lift"), for its complaint and prayer for injunctive and monetary relief against VIPER LOADERS LLC ("Viper Loaders") and VIPER MOWERS LLC ("Viper Mowers"), and VIPER MANUFACTURING LLC ("Viper Manufacturing") (collectively, "Defendants"), states as follows:

## INTRODUCTION

1. Viper Lift holds a federally registered Viper trademark (USPTO Reg. No. 4699607) (the "Viper Mark").

2. The Viper Mark is registered on the Principal Register of the United States Patent and Trademark Office in International Class 12 for "fork lift trucks," with a registration date of March 10, 2015, and a claimed date of first use in commerce of March 13, 2014. The registration has been renewed and maintained in accordance with all applicable statutory requirements. The registration was last renewed on September 10, 2025, and remains in full force and effect. The registration affords Viper Lift the exclusive right to use the Viper Mark in connection with the

goods identified in the registration and provides nationwide constructive notice of Viper Lift's ownership of the mark.

3. Defendants have misappropriated the Viper Mark and Viper Lift's distinctive trade dress and used them in connection with the businesses Viper Mowers, Viper Loaders, and Viper Manufacturing in order to trade on the goodwill and reputation established by Viper Lift.

4. Viper Lift is forced to file this action to stop Defendants' infringement of the Viper Mark and Viper Lift's trade dress and to protect unknowing consumers from purchasing unauthorized products. Defendants' infringement has irreparably harmed Viper Lift, which seeks injunctive and monetary relief.

5. This action is directed at Defendants' infringement of the Viper Mark and the Viper Trade Dress. This action does not seek to resolve the members' respective rights under Viper Lift's Operating Agreement or Buy-Sell Agreement, which are the subject of a separate action pending in the Circuit Court of McHenry County, Illinois. Viper Lift's rights in the Viper Mark and the Viper Trade Dress belong to Viper Lift as an entity and exist independently of any dispute among its members.

## THE PARTIES

6. Plaintiff Viper Lift is an Illinois limited liability company with its principal place of business in Illinois. Viper Lift owns the Viper Mark.

7. Bernard J. Lopez ("B. Lopez"), Michael W. Lopez ("M. Lopez"), and Michael V. Labalestra ("Labalestra") each own a one-third (1/3) share of Viper Lift.[1]

---

[1] A related action among Viper Lift's members concerning, among other things, Labalestra's membership interest in Viper Lift is pending in the Circuit Court of the Twenty-Second Judicial Circuit, McHenry County, Illinois. See *Labalestra v. Lopez*, No. 2026CH000108 (Ill. Cir. Ct. McHenry Cnty. filed Oct. 21, 2026).

8. Upon information and belief, Defendant Viper Mowers is a limited liability company with a business address at 4511 Clark Road, Sarasota, Florida 34233.

9. Defendant Viper Loaders is a limited liability company with a registered agent in Jacksonville, Florida and a business address at 655 10th Street, Cedartown, Georgia.

10. Upon information and belief, Defendant Viper Manufacturing is corporation with its principal office in 4511 Clark Road, Sarasota, Florida 34233.

11. Defendants sell equipment and machinery. Defendants conduct business throughout the United States and have offered to sell, have sold, and continue to offer to sell and sell products to United States consumers, including consumers in Illinois and this judicial district.

12. Upon information and belief, Viper Mowers and Viper Loaders are each owned, wholly or partially, and controlled by Labalestra, who formed them while a member of Viper Lift. The Defendant entities operate together under common management, including through Viper Manufacturing, which manufactures or supplies the products Defendants sell under the infringing marks and trade dress.

## JURISDICTION AND VENUE

13. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the trademark laws of the United States, and under 28 U.S.C. § 1338(b) over Viper Lift's related unfair competition claims. This Court has supplemental jurisdiction over Viper Lift's Illinois claims under 28 U.S.C. § 1367(a) because they form part of the same case or controversy.

14. This Court has specific personal jurisdiction over Defendants under 735 ILCS 5/2-209 and Federal Rule of Civil Procedure 4(k)(1)(A) because Defendants purposefully directed their infringing conduct at Illinois, Viper Lift's claims arise out of that conduct, and exercising

jurisdiction is consistent with due process. Upon information and belief, Defendants' principal, Labalestra, conducted Defendants' business from Viper Lift's McHenry, Illinois facility, including receiving equipment intended for Viper Loaders at that facility.

15. This Court also has personal jurisdiction over Defendants because Defendants direct business activities toward consumers in the United States, including Illinois. Defendants offer to sell and sell products to Illinois residents and other United States consumers through their websites, including vipermowers.com, viperloaders.com, and vipermfg.com, and through Illinois dealers. Defendants offer shipping throughout the United States, including Illinois. Defendants have offered to sell, have sold, and continue to offer to sell and sell machinery bearing unauthorized copies of the Viper Mark to residents of Illinois and this District. Defendants have wrongfully injured Viper Lift in Illinois.

16. Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to Viper Lift's claims occurred in this District.

## JOINDER

14. Joinder of Defendants is proper under Federal Rule of Civil Procedure 20(a)(2) because Viper Lift's claims arise out of the same transaction, occurrence, or series of transactions or occurrences, namely Defendants' common use of the Viper Mark and Viper Trade Dress online and at trade shows.

17. Defendants are logically related because they all sell products bearing the Viper Mark through a common network of affiliated websites, including vipermowers.com, viperloaders.com, and vipermfg.com, and common questions of law and fact will arise.

18. Upon information and belief, Defendants are commonly owned and controlled by Labalestra, share common personnel, including Mike Mitchell, who uses a vipermfg.com email address and is the contact for Viper Mowers, and source equipment from the same Chinese

supplier, Jiangsu Shangqi Import and Export Co., Ltd., from which Viper Loaders obtained an SSL100 Mini Track Loader in 2025.

## BACKGROUND

*Viper Lift's Trademark and Trade Dress*

19. Viper Lift sells equipment including forklifts and their parts and attachments.

20. Viper Lift has invested significant resources in building goodwill and recognition in its brand. It has established a reputation among consumers and has registered a trademark to protect its name.

21. Viper Lift owns all rights in the Viper Mark at issue. A copy of the United States Patent and Trademark Office registration pages for Reg. No. 4699607 is attached as **Exhibit A**. As reflected in Exhibit A, Viper Lift owns all rights in the Viper Mark, and those rights are valid and enforceable.

22. The Viper Mark appears on Viper Lift's website and products. A copy of the Viper Mark is attached as **Exhibit B** and is shown below:

VIPER
LIFT TRUCKS

23. Viper Lift also uses a distinctive trade dress on its products, website, and marketing materials, consisting of the combination of the following elements: (a) the word VIPER rendered in bold, uppercase, forward-slanted italic block lettering with sharp, angular letterforms; (b) a tapered horizontal swoosh, or speed line, that begins as a thin point at the left, sweeps beneath and through the base of the word VIPER, and extends out to a point at the right; (c) a smaller, widely letter-spaced, italicized uppercase descriptor (LIFT TRUCKS) centered beneath the word VIPER; and (d) the presentation of these elements together as a single, horizontally oriented logo lockup

applied to Viper Lift's equipment and displayed on its website and marketing materials (collectively, the "Viper Trade Dress"). Images of the Viper Trade Dress are attached as **Exhibit C**. The Viper Trade Dress is not essential to the use or purpose of Viper Lift's equipment, does not affect its cost or quality, and is not required for competitors to compete effectively. Viper Lift has used the Viper Mark since at least March 2014 and the Viper Trade Dress continuously since. From 2021 through June 2026 alone, Viper Lift spent millions on advertising and generated more than $98 million in sales of equipment marketed under the Viper Mark and the Viper Trade Dress, such that the Viper Trade Dress has acquired secondary meaning and identifies Viper Lift as the source of its goods.

*Defendants' Unlawful Conduct*

24. Defendants sell various products, machinery and equipment, such as lawn mowers, and loaders. Defendants have deliberately and unlawfully copied, displayed, and sold products bearing marks and trade dress that are identical or virtually identical to the Viper Mark and the Viper Trade Dress, differing, if at all, only in color.

25. Defendants' lawn mowers and loaders are closely related to Viper Lift's forklifts. Each is commercial equipment and machinery marketed to the same contractors, businesses, and dealers, promoted at the same industry trade shows, and sold online to the same customers. In fact, Defendants appear to utilize the same dealers as Viper Lift. Indeed, Viper Lift and Viper Loaders have sourced equipment from the same Chinese supplier: in March 2025, Labalestra arranged for an SSL100 Mini Track Loader intended for Viper Loaders to be included in a Viper Lift purchase order from Jiangsu Shangqi Import and Export Co., Ltd., and that unit was delivered to Viper Lift's Illinois facility before being transferred to Viper Loaders. Defendants include no disclaimers in their marketing or advertising to differentiate themselves from Viper Lift.

26. Changing the color of an otherwise identical mark and trade dress does not create a distinct mark or dispel the likelihood of confusion. The Viper Mark is registered in standard characters and therefore protects the word VIPER regardless of font style, size, or color, and Defendants' marks share the same name, design, and overall commercial impression as the Viper Mark and the Viper Trade Dress.

27. Labalestra knew of the Viper Mark and its scope before Defendants began using it. On September 26, 2024, while an owner of Viper Lift, Labalestra exchanged emails with B. Lopez and M. Lopez about Viper Lift's registration for the Viper Mark on the USPTO's TSDR case viewer. In that exchange, B. Lopez told Labalestra that the trademark "says that no one can put Viper on equipment like ours." When M. Lopez asked why Labalestra was looking into the registration, Labalestra responded: "Working on some things with loaders. Need to make sure we're protected." A copy of this email correspondence is attached as **Exhibit D**. Labalestra did not disclose to Viper Lift's owners that he intended to form competing companies and use an identical trademark.

28. From October 20 through October 23, 2026, Viper Mowers exhibited at Equip Expo, an industry trade show held in Louisville, Kentucky, and displayed the Viper Mark on a ceiling banner to promote Viper Mowers, as shown below:






1108994\332709131.v4

29. Defendants' use of the Viper Mark and the Viper Trade Dress has caused actual confusion among consumers, distributors, and resellers, including instances in which consumers directed business and warranty claims to Viper Lift in the mistaken belief that they were dealing with, or that Defendants were affiliated with, Viper Lift, and instances in which dealers sought parts and service from Viper Lift for products sold by Defendants.

30. For example, on July 16, 2026, Stephen Headrick of Keating Tractor, an equipment dealer, contacted Viper Lift requesting part numbers and pricing for new keys and a non-locking gas cap for a "V1300X" on behalf of his customer. After Viper Lift asked for the serial number, Mr. Headrick provided serial number LABD0811096 and confirmed on August 1, 2026 that the machine was a mini skid steer, not a forklift. On August 3, 2026, Viper Lift informed Mr. Headrick that the machine was "another company" and referred him to Viper Loaders. The dealer's customer and the dealer both believed that a Viper Loaders product came from, or was supported by, Viper Lift. A copy of this email correspondence is attached as **Exhibit E**.

31. On September 4, 2026, Viper Lift, through counsel, sent Labalestra, as principal of Viper Loaders, a letter notifying him of Viper Lift's rights in the Viper Mark and demanding that he cease all use of the Viper Mark and any confusingly similar marks in connection with any other business. A copy of the September 4, 2026 letter is attached as **Exhibit F**. Since that correspondence was ignored, on October 5, 2026, Viper Lift, through counsel, sent a second letter directly to Viper Loaders and Viper Mowers, again demanding that they cease all use of the Viper Mark and any confusingly similar marks and directing them to preserve relevant evidence. A copy of the October 5, 2026 letter is attached as **Exhibit G**. Defendants did not comply. No substantive response has been received.

**COUNT I**
**Trademark Infringement under Section 32 of the Lanham Act, 15 U.S.C. § 1114**

32. Viper Lift incorporates each of the preceding paragraphs as if fully set forth herein.

33. The Viper Mark is a trademark subject to protection under 15 U.S.C. §§ 1051 *et seq*.

34. Viper Lift's registration of the Viper Mark, Reg. No. 4699607, registered March 10, 2015 and renewed September 10, 2025, is valid and in full force and effect. At all relevant times, Viper Lift has owned, and it continues to own, exclusive rights in the Viper Mark.

35. Viper Lift has never granted Defendants any license or rights in the Viper Mark.

36. Viper Lift never authorized, by vote of its members or otherwise, any use of the Viper Mark by Labalestra or by any entity he owns or controls. No license, consent, or agreement by Viper Lift exists to allow Defendants to use the Viper Mark, and Viper Lift has never exercised any control over the nature or quality of Defendants' goods.

37. Defendants have deliberately and unlawfully used in commerce, manufactured, advertised, promoted, displayed, offered for sale, sold, and/or distributed products bearing the Viper Mark in a manner likely to cause confusion, mistake, or deception, in violation of Viper Lift's trademark rights.

38. On information and belief, Defendants had access to the Viper Mark *via* Labalestra, who holds a one-third ownership interest in Viper Lift and holds ownership interest in Viper Mowers and Viper Loaders.

39. Defendants' copied logos are, in most cases, virtually identical to the Viper Mark. Where they are not virtually identical, they are strikingly similar. The Viper Mark is reproduced below alongside examples of copies found in Defendants' web stores and at a trade show held

October 20 through October 23, 2026. Screenshots of the copied designs on Defendants' website are attached as **Exhibit H**.

| Original Logo | Copied Logo |
|---|---|
| VIPER LIFT TRUCKS | VIPER MOWERS |
| | VIPER LOADERS |
| | VIPER MFG |

40. Defendants' actions constitute willful trademark infringement under Section 32 of the Lanham Act, 15 U.S.C. § 1114.

41. Defendants have profited from their unauthorized copying through revenue and other profits from the sale of machinery bearing the copied logo.

42. Under 15 U.S.C. §§ 1116 and 1117, Viper Lift is entitled to injunctive relief and monetary damages, including Defendants' profits from the infringing use, Viper Lift's actual damages, and treble damages and attorneys' fees based on the willful nature of Defendants' infringement.

43. Defendants have caused, and unless enjoined will continue to cause, Viper Lift irreparable injury for which there is no adequate remedy at law.

## COUNT II

## Trade Dress Infringement and Unfair Competition under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)

44. Viper Lift incorporates each of the preceding paragraphs as if fully set forth herein.

45. The Viper Trade Dress is non-functional and distinctive, and it has acquired secondary meaning among consumers as identifying Viper Lift as the source of its goods.

46. Defendants' use of trade dress identical or confusingly similar to the Viper Trade Dress, differing at most in color, is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendants with Viper Lift, and as to the origin, sponsorship, or approval of Defendants' goods, in violation of 15 U.S.C. § 1125(a)(1)(A).

47. Defendants' infringement has caused actual confusion, including consumers directing business and warranty claims to Defendants in the mistaken belief that they were affiliated with Viper Lift, and is willful because Defendants continued their conduct after receiving Viper Lift's September 4 and October 5, 2026 letters.

48. Under 15 U.S.C. §§ 1116 and 1117, Viper Lift is entitled to injunctive relief, Defendants' profits, Viper Lift's actual damages, enhanced damages, and attorneys' fees. Defendants' conduct has caused, and unless enjoined will continue to cause, Viper Lift irreparable injury for which there is no adequate remedy at law.

## COUNT III

## Violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/1 *et seq.*, and Illinois Common Law Unfair Competition

49. Viper Lift incorporates each of the preceding paragraphs as if fully set forth herein.

50. By using the Viper Mark and the Viper Trade Dress, Defendants have passed off their goods as those of Viper Lift and caused a likelihood of confusion or misunderstanding as to

the source, sponsorship, approval, affiliation, or connection of their goods, in violation of 815 ILCS 510/2(a)(1), (2), and (3).

51. Defendants' conduct also constitutes unfair competition under Illinois common law.

52. Defendants willfully engaged in these deceptive trade practices. Viper Lift is entitled to injunctive relief and attorneys' fees under 815 ILCS 510/3, and to damages under Illinois common law.

## **PRAYER FOR RELIEF**

Viper Lift prays for the following relief:

A. Judgment in favor of Viper Lift;

B. Preliminary and permanent injunctive relief restraining Defendants and Defendants' officers, agents, servants, employees, attorneys, and all persons in active concert or participation with any of them from:

a. Using in commerce, advertising, promoting, displaying, offering for sale, or selling any goods bearing the Viper Mark or the Viper Trade Dress, or any confusingly similar mark or trade dress in any color, in any manner without Viper Lift's express authorization;

b. Manufacturing, shipping, delivering, holding for sale, transferring, or otherwise moving, storing, distributing, returning, or disposing of, in any manner, products or inventory not manufactured by or for Viper Lift that bear the Viper Mark or the Viper Trade Dress;

C. Entry of an order that, upon Viper Lift's request, those with notice of the injunction shall disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of infringing goods that bear the Viper Mark or the Viper Trade Dress;

D. Compensatory damages, enhanced damages under 15 U.S.C. § 1117(a), and disgorgement of Defendants' profits;

E. Pre- and post-judgment interest, attorneys' fees, and costs; and

F. All other and further relief as is just, equitable, and proper.

Date: October 30, 2026

Respectfully submitted,

HINSHAW & CULBERTSON LLP

Megan Lopp Mathias (#6280497)
HINSHAW & CULBERTSON LLP
151 N. Franklin St., Suite 2500
Chicago, IL 60606
P: 312-704-3037 | F: (312) 704-3001
mmathias@hinshawlaw.com

Attorney for Plaintiff, Viper Lift Trucks LLC

SimplyAgree Sign signature packet ID: a79f31bd-088b-4776-8fd9-51352b0958e4


**VERIFICATION**

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements as forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters, the undersigned certifies as aforesaid that he verily believes the same to be true.

Michael Lopez

Michael Lopez